IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS ALBERTO RIVERA-CRESPO<br>Petitioner<br>vs<br>ADMINISTRACION DE CORRECCION<br>CARLOS MOLINA-RODRIGUEZ<br>ROBERTO CANO-RODRIGUEZ<br>WANDA MONTAÑEZ-SANTIAGO<br>Respondents | CIVIL 09-1547CCC |

## OPINION AND ORDER

This is a pro-se action for damages pursuant to 42 U.S.C. §1983 filed by Luis Alberto Rivera-Crespo, an inmate of a penal institution in Bayamón, Puerto Rico operated by the Department of Corrections of Puerto Rico (Corrections) against Corrections and various individual defendants. Before us is petitioner's Motion to Proceed in Forma Pauperis (docket entry 1). In order to determine if the grant of said motion is proper, we must review the allegations of the complaint to ascertain that petitioner has pled a viable cause of action.

Petitioner alleges that on April 20, 2009, a riot broke out during the lunch period in the prison dining room between inmates from "Section K and "Section L." The inmates were fighting with their fists as well as hitting each other with food trays and broomsticks. Correction officers tried to quell the riot using pepper spray.

Petitioner, who appears, from his allegations, to be disabled and in a wheelchair, avers that he was "suffocating" from the pepper spray, which caused him to vomit and made him dizzy. He also states that Sgt. De Jesús gave orders to remove him from the middle of the riot, but he was caught there when the guards set up a barricade. He further alleges that during the riot, two cafeteria trays were broken over his head, he was hit with a fist on his right shoulder and suffered damages from which he was treated at a hospital.

CIVIL 09-1547CCC                                         2

Rivera-Crespo contends that he "had warned that there were 18 people in Section L of Building 3 getting psychiatric treatment and who were crazy." Complaint, at p. 3 (certified translation, docket entry 5). He argues that Section K inmates should not have been brought to the dining room until after the Section L inmates had finished eating.

By way of remedies, Rivera-Crespo seeks that

> the mentally ill and drug addicts be removed from Section L and that instead they bring in people who are fifty years old, 50 or older, and people who have disabilities, are in <u>wheelchairs</u>, use <u>crutches</u> and <u>canes</u> and [prostheses] and so forth, and that way the disabled and the elderly would <u>not</u> get hurt; those crazies and junkies <u>represent an imminent danger</u> for the handicapped and elderly.

<u>Id.</u>, at pages 4-5 (emphasis in the original), as well as $50,000.00 in damages for placing his life at risk and harming his health.

The Eighth Amendment protects prisoners against cruel and unusual punishment of prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). The Supreme Court has established a standard of deliberate indifference for assessing whether a constitutional claim is asserted that prison officials have a sufficiently culpable state of mind in tolerating threats to inmate health or safety. <u>Id</u>. at 834.

**Use of Pepper Spray**

The standard of deliberate indifference does not apply, however, when courts evaluate the actions of prison officials during riots or other disturbances. <u>Whitley v. Albers</u>, 475 U.S. 312, 320 (1986). In such a scenario, the standard is whether unnecessary and wanton pain and suffering were inflicted; that is, "whether force was applied in a good faith effort to maintain or restore discipline or malicious and sadistically for the very purpose of causing harm." <u>Id.</u>, at 320-21.

Taking the allegations of his complaint as true, the wheelchair-bound Rivera-Crespo, was caught in the middle of the riot when Officer Peres picked up the pepper gas canister

CIVIL 09-1547CCC                                       3

and started to use it on the prisoners in order to break up the riot. The pepper gas caused plaintiff to feel as if her were suffocating; it made him dizzy and caused him to vomit.

> It is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishments Clause....  The infliction in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense.

Torres-Viera v. Laboy-Alvarado, 311 F.3d. 105, 108 (1st Cir. 2002), quoting Whitley, supra.

The facts consistent with the pleadings in the complaint are that there was a disturbance in the prisoner's dining room and officials responded with pepper spray. The petitioner, who was caught in that location during the incident, suffered consequences from the spray.  There is nothing in Rivera-Crespo's pleadings that would permit a reasonable inference to be drawn that the pepper spray was used maliciously or sadistically for the purpose of causing harm.  As in Torres-Viera,

> Here, however, the allegation concerning the context in which the gas was used establish that prison officials were responding to a security disturbance. This means that plaintiff must meet a very high standard in order to show that prison officials are culpable. Prison officials are given "wide-ranging deference" in their measures to restore order during disturbances. Absent some facts from which a reasonable inference can be drawn to meet that standard, the complaint fails to state a claim.

Id.  (Citations omitted.)


**Injuries Caused by Inmates**

Prison officials have a duty under the Eighth and Fourteenth Amendments to protect prisoners from violence at the hands of other prisoners. Leonardo v. Morán, 611 F.2d 397, 398-99 (1st Cir. 1979).  However, not every injury suffered by one prisoner at the hands or another translates into constitutional liability for prison officials responsible for the victim's

CIVIL 09-1547CCC                                              4

safety.  South Caroling Dept. Of Corrections, 349 F.3d. 765, 770 (4th Cir. 2003).  When prison officials intentionally place prisoners in dangerous surrounding or when they are deliberately indifferent to prisoners' health or safety, they violate the Constitution.  Alvarez Kerkado. V. Otero de Ramos, 693 F. Supp. 1366, 1371 (D. Puerto Rico 1088).

To establish a claim under §1983 for failure to protect from violence, an inmate must show: (1) serious or significant physical or emotional injury, and (2) that the prison officials had a sufficiently culpable state of mind.  Burks v. Pate, 119 Fed. Appx 447, 449-50 (4th Cir. 2005).  Petitioner's own allegation demonstrate his failure to meet these criteria:

> . . . while Sgt. De Jesús came over--Sgt. Jairo--a custody officer saw that Mr. Luis Rivera Crespo was in the middle of the riot vomiting and suffocating and Sgt. De Jesús gave orders to remove Mr. Luis Rivera Crespo from the middle of the riot . . . in the middle of the riot the guards set up a wall of guards on one side to get Mr. Luis Rivera Crespo out and so that he would not continue to get hit during the riot.

Translated complaint at 3.

As can be seen in plaintiff's description, the prison officials acted to remove him from the area in order to protect him from further injuries.  Although petitioner states that he had complained of the fact that there were 18 people in Section L who were receiving psychiatric treatment, and that he had asked that they be removed from that unit, there are no factual allegations from which it can be inferred that prison officials knew or should have know that the disturbance was going to occur, and took no action to prevent it.

With regard to Rivera-Crespo's damages, other than the transient sensation of suffocation, vomiting and dizziness, petitioner fails to identify any other damage, or facts from which we can infer serious or significant physical or emotional injury.  At page 4 of his complaint he asks for an award of $50,000.00 " for his damages and for placing his life at risk and harming his health."  Beyond this conclusory statement, there is no indication of how his health was harmed.  In sum, the complaint does not state a cause of action for failure of

CIVIL 09-1547CCC								5

prison officials to protect him from injury by other inmates during the disturbance in the dining area.

Having found that Rivera-Crespo failed to state a federal constitutional claim under the Cruel and Unusual Punishment Clause of the Eighth Amendment or for failure to protect under Eighth and Fourteenth Amendments, the Motion to Proceed In Forma Pauperis **(docket entry 1)** is DENIED, and this action is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on July 31, 2009.


								S/CARMEN CONSUELO CEREZO
								 United States District Judge